FILED
2011 Sep-26 AM 11:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **SUN LIFE ASSURANCE COMPANY** ) | |
| **OF CANADA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO._____** |
| ) | |
| **CHASE NATIONAL CORP.    and** ) | |
| **LADREAKA PHILLIPS, as conservator** ) | |
| **for T.M., a minor,** ) | |
| ) | |
| **Defendants.** ) | |

### COMPLAINT FOR INTERPLEADER

COMES NOW, Sun Life Assurance Company of Canada ("Sun Life"), pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1335, 29 U.S.C. § 1132 (e)(1), and Rule 22 of the Federal Rules of Civil Procedure, and files its Complaint for Interpleader, and would show unto the court the following:

### PARTIES

1.  Plaintiff Sun Life is an insurance company organized and existing under the laws of Delaware with its principal place of business in Delaware. Sun Life was authorized and licensed to do business and was doing business in the State of Alabama at all relevant times herein.

2.  Defendant Chase National Corp. ("Chase National") is a company organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois. Chase National may be served through service upon its registered agent, Robert C. Wilson, 117 W. Poplar Street, Harrisburg, IL 62946.

3.  Defendant LaDreaka Phillips, as conservator of T.M., is an individual resident of the State of Alabama, residing at 5108 McClellan Blvd., Apt. 196, Anniston, Alabama 36206. Ms.

Phillips is the widow of the decedent Tony Moore and has been appointed the conservator for T.M., the minor child of decedent Tony Moore, who resides with Ms. Phillips. She may be served with process at her residence.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this Interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1331 and 29 U.S.C. § 1132 (e)(1) since this matter relates to benefits due under and pursuant to an "employee welfare benefit plan," as defined by the Employee Retirement Income Security Act, 29 U.S.C. §§1001, et seq. ("ERISA.")

5. This court also has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1335(a)(1), as the amount held by Sun Life, which will be deposited into the registry of the court, exceeds $500, and the Defendants are diverse.

6. Venue is appropriate in the United States District Court for the Northern District of Alabama, Eastern Division, pursuant to 29 U.S.C. § 1132 (e)(2) (the district where a defendant resides or may be found).

7. Service of process is authorized under 29 U.S.C. § 1132 (e)(2).

## CAUSE OF ACTION IN INTERPLEADER

8. At all times relevant to this action, Northeast Alabama Regional Medical Center maintained an "employee welfare benefit plan," as defined by ERISA § 1002(1), and funded certain benefits, including life insurance, through a group insurance policy issued by Sun Life, Policy No. 85237. (See Exhibit A).

9. On June 2, 2010, Tony Moore (the "decedent") died. At the time of his death, the decedent was a participant in the Northeast Alabama Regional Medical Center Plan ("the Plan"), and

was eligible for life insurance benefits in the amount of $20,000.00.

10. On June 3, 2010, LaDreaka Phillips completed a Death Benefits Claim Packet for Sun Life through the decedent's employer. (See Exhibit B). The claim form indicated that Ms. Phillips was the sole beneficiary of the benefits provided to the decedent under the Plan. The documents provided along with the claim included a Life Enrollment Change form dated April 27, 2007 and signed by the decedent that listed Ms. Phillips as the beneficiary of benefits provided under the Plan. (Exhibit C). However, the documents also included an Benefit Election Authorization record indicating that as of November 12, 2007, T.M. was the designated beneficiary of benefits. (Exhibit D).

11. On June 3, 2010, LaDreaka Phillips executed an Irrevocable Assignment and Power of Attorney of $10,000 of the benefits payable by Sun Life to Anniston Funeral Home for the payment of funeral expenses. (Exhibit E). Anniston Funeral Home, in turn, reassigned its interest in the $10,000 in insurance proceeds payable by Sun Life to Chase National Corp. This assignment was received by Sun Life on August 3, 2010.

12. On August 23, 2010, Sun Life received the claim and supporting documents. However, because the Benefit Election Authorization record post-dated the Life Change Enrollment Form, the latest designated beneficiary was T.M. Therefore, on August 27, 2010, sent a letter to Ms. Phillips requesting that she withdraw her claim because she was not the designated beneficiary according to the records. (Exhibit F).

13. On September 7, 2010, Sun Life received a letter from counsel for Chase National Corp., which demanded payment in the amount of $10,000 pursuant to the assignment and contended that it had been represented that Ms. Phillips was the proper beneficiary at the time of the assignment.

(Exhibit G).

14.     On September 8, 2010, Ms. Phillips executed withdrawal of claim, in which she indicated that she was not a beneficiary of policy proceeds and discharged Sun Life from any claims by Ms. Phillips under the policy. (Exhibit H).

15.     Chase National Corp., through counsel, has maintained that it is entitled to payment of the full $10,000 as a result of the assignment by Ms. Phillips.

16.     T.M., through her counsel and/or conservator, has maintained that the assignment is invalid, and that court approval is required before any payment may be made for funeral expenses out of the benefits payable to T.M.  Court proceedings involving T.M. have indicated that court will not approve the payment of $10,000 to Chase National from the proceeds payable under the Plan.

17.     Based on the above, Sun Life is uncertain as to whether payment should be made to Chase National in the amount of $10,000, or whether the entire amount should be paid to Ms. Phillips, as conservator for T.M.

18.     Sun Life is unable to ascertain without a hazard to itself who is legally entitled to the benefits due under the Plan.  Sun Life cannot pay the same without assuming the responsibility of determining doubtful questions of law and fact.

19.     Sun Life claims no beneficial interest in the benefits due under the Plan, and does not in any respect collude with anyone touching the matters in this action.

20.     Sun Life is now and has at all times since the date of the death, been willing, ready and able to pay the entity, person or persons legally entitled to receive the benefits owed under the Plan. Sun Life will tender into the registry of the Court the full extent of its liability under the Plan, including any and all applicable interest, via check made payable to the Clerk of the United States

District Court for the Northern District of Alabama, Eastern Division, when the Court grants it permission to do so.

**WHEREFORE, PREMISES CONSIDERED**, Sun Life prays as follows:

A.      That the aforementioned sum subject to interpleader be accepted into the registry of this Court to be held in an interest-bearing account for future disbursement to the person or persons adjudged by the Court to be entitled thereto.

B.      That the Court adjudicate that the amount deposited into the registry of the Court is the extent of Sun Life's liability to anyone under the Plan.

C.      That Chase National and LaDreaka Phillips, as conservator for T.M., be required to assert their claims for the funds paid into the registry of the Court and to settle among themselves their right to the benefits due under the Plan.

D.      That the Court issue an Order of Injunction, pursuant to 28 U.S.C. § 2361, enjoining and restraining Chase National and LaDreaka Phillips, as conservator for T.M., their agents, attorneys, successors, personal representatives, heirs, devisees, legatees, and assigns from asserting, instituting or prosecuting any and all demands, claims, actions or causes of action against Sun Life in regard to, pertaining to, or in any manner relating to or arising out of the Plan, and that in due course said Order of Injunction be made permanent.

E.      That an award be made to Sun Life of the funds to be deposited into this Court to pay for reasonable costs, counsel fees and other expenses which Sun Life is compelled to expend in the prosecution of this Complaint for Interpleader.

F.      That upon acceptance of the interpled funds, Sun Life be finally dismissed from this action and fully discharged from any further liability which in any manner may arise under Plan, and

that this Court retain jurisdiction over this matter to adjudicate to whom the Clerk of this Court shall disburse the sum deposited into the registry of this Court.

  G. Sun Life prays for such other and further relief as the Court deems equitable and just.

Dated, this 26th day of September, 2011.

              Respectfully submitted,

            By: */s/Kevin A. Rogers*
              Kevin A. Rogers (ASB# 8689-K51R)
              Kelly D. Simpkins (*pro hac vice* motion pending)

              **Attorneys for Sun Life Assurance Company of Canada**

OF COUNSEL:

**WELLS MARBLE & HURST, PLLC**
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
krogers@wellsmar.com
ksimpkins@wellsmar.com